### CLOUGH *v.* BAKER.

C. sold his business as a dentist to H. H. gave him a note for $3000 for the same, signed by himself and B. as surety, and C. gave H. a bond, that, in consideration aforesaid, he would not practice as a dentist in any place within five miles of Boston, or in South Reading, &c, and containing other stipulations to be done and performed by said C. in the line of his said profession.

This note having been partly paid by H., C. brought a suit upon it against B., the surety, to recover the balance. B. filed a brief statement, alleging that there had been a partial failure of consideration of the note, on the ground that C. had failed to perform the conditions of his bond.

On motion this brief statement was rejected.

ASSUMPSIT upon the following promissory note:

"Boston, December 28, 1864.                    $3000.

For value received I promise to pay John Clough, or order, the sum

of three thousand dollars within five years from the date hereof, with interest semi-annually, payable in twenty equal quarterly payments on the tenth day of January, April, July and October in each year, the first payment to be made on the tenth day of April next.

[STAMP.]
                              GEORGE B. HARRIMAN.
                              STEPHEN C. BAKER, Surety."

On this note were endorsed all the payments that became due up to and including October 10, 1866, and all the interest as it had become due to July 10, 1866.

Defendant pleaded the general issue, and also made the following brief statement of his defence, to wit :

That said defendant signed the note mentioned in the plaintiff's declaration, only as the surety of one George B. Harriman, on the day of its date, to wit, on the 28th day of December, A. D. 1864, at the request of said plaintiff, all of which the plaintiff well knew.

That said note is entirely without consideration and void, and the consideration of said note has wholly failed as hereinafter stated.

That on the day of the date of said note, and as a part of the same transaction, and as the consideration for said note, said plaintiff made, signed, sealed and delivered to said Harriman, his bond in the penal sum of five thousand dollars, bearing the date aforesaid, conditioned among other things as follows, namely :   "And whereas, said Clough," (the plaintiff,) "for the consideration aforesaid, has promised and agreed and does hereby promise and agree, that he will not again practice his said profession or perform *any* dental operation (except for the benefit of said Harriman or by his written consent,) in said Boston, nor in any place within five miles of said Boston, nor in South Reading, in said county of Middlesex ;" "and that he will be present in the office of said Harriman, in said Boston, twenty-eight half days in the course of said year, for the purpose of promoting the interests of said Harriman in said business, unless prevented by death or sickness, and that he will recommend said Harriman as a competent and skillful dentist, to all persons who shall make known their wish to said Clough," (the plaintiff,) "to employ a dentist in Boston."

That before and at the time of the making and the delivering of said bond and said note, the defendant well knew the contents of said bond, and the promises and agreements in the condition of said bond, on the part of the plaintiff to be kept and performed. That in sole consideration of said promises and agreements of said plaintiff, and relying thereon, the defendant was induced to sign said note as surety as aforesaid.

That said plaintiff has not kept and performed his said promises and agreements contained in the conditions of said bond, to be by him kept and performed, but has broken, neglected and refused to keep and perform the same, in this, that said plaintiff has, on divers days and times between said 28th day of December, 1864, and the date of plaintiff's writ, again practiced his profession of dentist, and has performed dental operations (which were not for the benefit of said Harriman, and not by his written consent,) for divers individuals in said Boston, and in

divers places within five miles of said Boston, and in South Reading, in said county of Middlesex; that said plaintiff was not present in the office of said Harriman, in said Boston, twenty-eight half days in the course of said year for the purpose of promoting the interests of said Harriman in said business, and was not prevented from being so present either by sickness or death; that said plaintiff has not recommended said Harriman as a competent and skillful dentist to all persons who made known their wish to said plaintiff to employ a dentist in Boston, as by his said bond he had promised and agreed to do, but, on the contrary, has on divers days and times, between said 28th day of December, 1864, and the date of the plaintiff's writ, advised and solicited divers persons in Boston and in divers other places within five miles of said Boston and in South Reading aforesaid, who made known to said plaintiff their wish to employ a dentist as aforesaid, to go to Woburn, where said plaintiff resides, and let him, the said plaintiff, do and perform their dentistry, and has given said persons free tickets on divers public conveyances for that purpose.

That said plaintiff by reason of not keeping and performing his said promises and agreements aforesaid. has obtained and received of said persons in said Boston, and in divers other places within five miles of Boston and in South Reading, for whom he performed dental operations in such cities, towns and places aforesaid, or in said Woburn, divers large sums of money for such dentistry done and performed by the plaintiff for said persons contrary to the true intent and meaning of his said bond, and to his said promises and agreements in the condition of said bond contained, to wit, to the amount of two thousand dollars; which, agreeably to said promises and agreements of said plaintiff, the said Harriman ought and would have received had the plaintiff kept and performed his said promises and agreements, and that said Harriman would have .been thereby enabled to pay said note, and relieve his surety, this defendant, from any liability thereon.

The plaintiff moved the court to reject the brief statement, and the case was reserved.

*Blair & Carpenter,* for plaintiff.

I. The brief statement discloses no defence. It alleges that the bond was the consideration of the note, and such was from the nature of the case, plainly the fact,—it is not denied that it remains in full force. The defendant, then, has got all he bargained for, and there is no failure of consideration. *Traver* v. *Stevens,* 11 Cook, 167; *Waterhouse* v. *Kendall,* 11 Cook, 128; *Webb* v. *Stone,* 24 N.. H. 282–288; *Shepherd* v. *Merrill,* 20 N. H. 415; *State* v. *Hobbs,* 40 N. H. 229; *Manning* v. *Brown,* 1 Fair. 49; *Smith* v. *Sinclair,* 15 Mass. 171; *Trask* v. *Vinson,* 20 Pick. 105–110; *Sanborn* v. *French,* 22 N. H. 246; *Titus* v. *Cook,* 24 N. H. 329; *Getchell* v. *Chase,* 37 N. H. 106.

II. In all cases of mutual independent promises, each party has his remedy on the promise in his favor, without performing his part of the

contract. *Purdye* v. *Cole*, 1 Saund. 320, notes; *Cutter* v. *Powell*, 2 Smith L. C. 10 notes; *Campbell* v. *Jones*, 6 T. R. 570; *Sumner* v. *Parker*, 36 N. H. 419; *Putnam* v. *Mellen*, 34 N. H. 71; Chitty on Contracts, 633; 2 Parsons on Contracts, 41, and cases cited.

A failure by either party to perform his part of the contract constitutes no failure of consideration; indeed, wherever the consideration of a promise is an executory agreement—an agreement to do something in the future—not void in itself, there plainly can be no failure of consideration, either total or partial. A failure to perform the agreement may or may not, according to circumstances, entitle the other party to treat the whole contract as rescinded; but the distinction between this class of cases, and cases of failure of consideration, is a broad one. *Tillotson* v. *Grapes*, 4 N. H. 444; *King* v. *Hutchins*, 28 N. H. 573; *Webb* v. *Stone*, 24 N. H. 288; *Weeks* v. *Robie*, 42 N. H. 320; *Drew* v. *Claggett*, 39 N. H. 431; *Stevens* v. *Cushing*, 1 N. H. 17; 1 Parsons on Contracts, 386, and notes.

The brief statement shows no such statement as would entitle the defendant to rescind; it admits that the contract has been partially performed by the plaintiff, who manifestly can never be restored to his original situation. Even if entitled to rescind, the defendant has never elected to do so, on the contrary, he is now insisting before the court that plaintiff's bond is in full force, and claiming damages for the breach of its conditions. The defence set up, is not a failure of consideration, it is simply an attempt to set off against the note a claim for unliquidated damages, for the breach of independent covenants of the plaintiff.

*Burrows*, for defendant.

Cited and commented on: *Gen. Stats.* ch. 201, sec. 11; *Shepherd* v. *Merrill*, 20 N. H. 412; *Tillotson* v. *Grapes*, 4 N. H. 444; *Copp* v. *Sawyer*, 6 N. H. 386; *Earle* v. *Paige*, 6 N. H. 477; *Drew* v. *Towle*, 27 N. H. 412; *Haynes* v. *Thom*, 28 N. H. 386; *Hazelton* v. *Guild*, 11 N. H. 390; *Carleton* v. *Woods*, 28 N. H. 29; *Fuller* v. *Bean*, 30 N. H. 181; *Coburn* v. *Odell*, 30 N. H. 540; *Biddle* v. *Gage*, 37 N. H. 519; *Frisbee* v. *Hoffnagle*, 11 Johns. 50; *Shepherd* v. *Temple*, 3 N. H. 455: *Seddard* v. *Haine*, 2 Bing. 183; *Wheeler* v. *Board*, 12 Johns. 363; *Farrar* v. *Nightingale*, 2 Espin. N. P. C. 639; *Weaver* v. *Beatley*, 1 Caines R. 47; *Nichols* v. *Huntoon*, 45 N. H. 470.

SARGENT, J. By General Statutes, ch. 201, sec. 11, it is enacted that when in any action upon a bill of exchange, draft, or promissory note, a total want or failure of consideration would be a defence, the defendant may, upon filing a brief statement thereof with his plea, prove a partial want or failure of consideration in reduction of damages.

The question then is, whether in this case, upon the facts stated, there could be any total want or total failure of consideration?

Although the plea here sets forth that the bond was the consideration for the note, yet it evidently was not the whole consideration. It is evi-

dent that Harriman bought out the business of Clough as a dentist, an l was to have his place and the good will of the establishment.   A part of this consideration he received at the time, all that could then be delivered or enjoyed; and for what was to be done in the future, he received the contract of said Clough as contained in and secured by said bond. This was evidently the consideration for which he agreed to pay the $3000, for which the note was given, and all this consideration he received—he got all he bargained for.

But taking it to be as stated in the plea, that the bond was the consideration for the note, and assuming that there was no other consideration, then there was no *want* of consideration, for the plea alleges that the bond was that consideration, and that was received according to the agreement of parties.   There was then no *want* of consideration either total or partial.   Has there been any *failure* of ·this consideration? Has the bond, which was the sole consideration for this note, failed in any way?   Is it not as valid a security now as at first?   Has it proved to be of no binding force or effect?   Has it become a void instrument since it was made?   If it had been void from the beginning, then there m'ght have been a *want* of considera'ion.   If it has become void since it was made, so as to be no longer of any force or effect as a security, then the consideration has *failed*.   But it is not claimed that such is the fact.   The bond, which is admitted to have been the consideration for which defendant with Harriman agreed to pay $3000, and which was received just according to agreement, and which was a good and sufficient consideration for such promise at the time, remains in full force and effect; just as valid and binding now, as it was the day it was given.   If it was a sufficient consideration then, wherein has it failed to be so now?

We had occasion to consider this general question somewhat, in *Dodge* v. *McClintock*, 47 N. H; 383, where the subject of mutual contracts, both dependent and independent, is considered, and where it is held substantially, that though two contracts, made at the same time, and in and by the same written instrument, both of which were executory, might be mutual so far as that one contract or promise might be made in consideration of the other, yet that they might be, and in that case were, independent of each other, so far as their execution was concerned.

It seems to me, though these cases are not parallel, yet that the principle recognized as governing that case must also govern and dispose of this.   These contracts or promises, though made at the same time, and mutual, so far as that one may have been the consideration for the other, yet seem to have been entirely independent of each other, so far as performance was concerned.   One contract was under seal, the other was not.   A different statute of limitations would apply to each.

Suppose Harriman had sued the plaintiff upon his bond, could plaintiff defend that suit upon the ground that the note given as the consideration for the bond was not fully paid?   Or suppose we should allow this defence to come in here, and then Harriman should sue Clough in Massachusetts on the bond.   How would Clough be able to avail him-

self· of the fact that the bond had been ·chancered· in · New Hampshire in a suit to which Harriman was not a party ?

This is just the kind of contract, of which Chitty speaks in his work on Contracts, (6 Am. Ed.) p. 738, where he says : " In the case of independent mutual contracts or promises, each party has his remedy on the covenant or promise in his favor, without performing his part of the contract."   See also 1 Chitty Pl. 321, (9 Am. Ed.).

The distinction between a failure of consideration, and such a failure to perform on one side as gives the other party an election to rescind the whole contract, or to enforce it, has not always been made or clearly stated, and some confusion may thus be found in the authorities.   *Tillotson* v. *Grapes*, 4 N. H. 444, is a case in which such a failure to perform his contract on one side as would authorize the other side to rescind the whole contract, is improperly spoken of as a failure of consideration.   2 Smith's Lead. Cases,* 9 and 10, in note to *Cutter* v. *Powell*, and cases cited ; *Dodge* v. *McClintock*, *supra*, and cases cited ; *Wallace* v. *Company*, 44 N. H. 521 ; *Campbell* v. *Jones*, 6 T. R. 570.

*Brief statement rejected.*